J. CLEVELAND FRUGÉ, Judge ad hoc.
This case involves an intersectional collision which occurred on or about June 23, 1959, at approximately 1:30 P.M. at the corner of Iberville and Basin Streets in the city of New Orleans. Plaintiffs sued for damages to the automobile belonging to James Rush and insured by Emmco Insurance Company; defendants reconvened for damages to the automobile belonging to Frank Lavoi and insured by Phoenix Assurance Company and also for personal injuries suffered by Frank Lavoi. Judgment was rendered in the lower court dismissing both claims. Since defendants did not answer plaintiffs’ appeal, the sole question presented here is whether plaintiffs are entitled to recover under the facts of the case.
*494 The evidence offered at the trial shows that defendant Frank Lavoi was proceeding on Iberville Street in the direction of the Mississippi River and stopped behind another automobile in obedience to a stop sign at the intersection of Iberville and Basin. On Basin Street there was a backlog of traffic which was waiting for the signal light on Canal Street, one block away, to change from red to green. Although the traffic on Basin had backed up for more than a block, there was sufficient space between the automobiles for traffic on Iber-ville Street to cross Basin. Defendant Lavoi began to cross Basin Street behind the automobile preceding him. At this point each side of Basin Street consists of four lanes. Automobiles were parked next to the sidewalk and stopped in the two center lanes on Basin Street. At that moment plaintiff Rush was proceeding on Basin Street in the neutral ground lane at a speed somewhere between thirty and forty miles per hour. Rush struck the rear of defendant’s automobile just as defendant was crossing the neutral ground lane. Defendant claims that he saw plaintiff looking down at something in the seat of his automobile until immediately before the crash. Louis Ivon, one of the police officers who investigated the accident, testified that plaintiff admitted at the scene that he was looking down at the seat, but nothing to this effect was entered in the police report. Ivon also testified that there were no skid marks on the pavement.
While it is the time-honored rule that the driver on a favored street may assume that his right of way will be respected by drivers on a subordinate street, it is also well established that the driver on a favored street must maintain a proper lookout just as any other prudent motorist must do. See Veal v. Audubon Ins. Co., 114 So.2d 648 (La.App.1959); Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960). In the present case, plaintiff claimed that he did not stop at the intersection because the automobiles in the lanes to his right were moving, and he thus assumed that no vehicles could be crossing the intersection in their path. It is highly doubtful, however, that the vehicles in the other lanes were moving at the time, in view of the un-controvertible fact that plaintiff struck defendant’s automobile while the other motorists did not. It rather appears that plaintiff did not keep a proper lookout and, as a result, failed to see what the other motorists saw. It is the opinion of this court that plaintiff’s negligence in failing to see what he should have seen constitutes a bar to his recovery in this suit. See Alvares v. Rush, 108 So.2d 797 (La.App.1959).
Since defendants did not answer this appeal, the question of their negligence is not before this court.
For the foregoing reasons, the judgment of the lower court is affirmed.
Affirmed.